# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO CANDELARIO, ) | 1:09-CV-00089 AWI SMS HC |
| Petitioner, ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. ) | |
| J. HARTLEY, Warden, ) | [Doc. #16] |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction by plea of guilty on December 10, 1992, to second degree murder with use of a firearm. Petitioner was sentenced to serve an indeterminate prison term of fifteen years to life.

On January 6, 2009, Petitioner filed the instant petition for writ of habeas corpus. He challenges a decision by the California Board of Parole Hearings rendered in 2006 which denied him parole. He sought habeas relief in the state courts with respect to his claims. He first filed a habeas

petition in the Los Angeles County Superior Court, but the petition was denied in a reasoned opinion on July 8, 2007. See Petition, Exhibit C. He then filed a petition in the state appellate court. This petition was summarily denied on December 26, 2007. See Petition, Exhibit F. Finally, Petitioner filed a petition in the California Supreme Court. The California Supreme Court denied the petition "without prejudice to filing a petition for writ of habeas corpus in the trial court seeking relief under *In re Lawrence* (2008) 44 Cal.4th 1181." See Petition, Exhibit I.

On February 25, 2009, Respondent filed a motion to dismiss the petition as unexhausted. Petitioner did not file an opposition.

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Respondent contends the petition is unexhausted because the California Supreme Court denied the petition without prejudice to Petitioner returning to the lower state courts for presentation of his claims in light of the recent California Supreme Court case of In re Lawrence, 44 Cal.4th 1181 (2008). Respondent is correct. After the habeas petition was denied by the state appellate court but before the filing of the habeas petition in the California Supreme Court, the California Supreme Court issued its opinion in Lawrence. In Lawrence, the California Supreme Court clarified and provided the appropriate standard of review for petitions challenging parole decisions. Id. Petitioner's habeas petition to the California Supreme Court was not denied on the merits. It was denied without prejudice to allow Petitioner to return to the lower state courts to present his claims so that they could be considered in light of Lawrence. As correctly argued by Respondent, the California Supreme Court has not ruled on the merits of Petitioner's claims, and therefore, the claims remain unexhausted. The petition should be dismissed. See 28 U.S.C. § 2254(b)(1)

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED and the petition for writ of habeas corpus be DISMISSED without prejudice.[1] This

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 6, 2009**                    <u>    /s/ Sandra M. Snyder    </u>
                                                            UNITED STATES MAGISTRATE JUDGE

---

<u>Slack v. McDaniel</u>, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.